IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CHERYL AICHELE,

        Plaintiff,

v.

BLUE ELEPHANT HOLDINGS, LLC, a
domestic business corporation
doing business as the Human
Collective II, and DONALD
MORSE,

        Defendants.

3:16-cv-02204-BR

OPINION AND ORDER

CRAIG A. CRISPIN
ASHLEY A. MARTON
Crispin Employment Lawyers
1834 S.W. 58th Ave., Suite 200
Portland, OR 97221
(503) 293-5770

        Attorneys for Plaintiff


**BROWN, Senior Judge.**

    This matter comes before the Court on Plaintiff Cheryl

Aichele's Motion (#91) for Attorney Fees and Motion (#88) for

Costs, Expenses, and Expert Witness Costs.  For the reasons that

follow, the Court **GRANTS in part** Plaintiff's Motion for Attorney

Fees and **AWARDS** Plaintiff attorneys' fees of **$176,907.50** and

paralegal fees of **$17,768.40.**  The Court also **GRANTS in part**

1 - OPINION AND ORDER

Plaintiff's Motion for Costs, Expenses, and Expert Witness Costs and **AWARDS** Plaintiff costs of **$16,097.21**.


## BACKGROUND

Plaintiff filed her Complaint in the Multnomah County Circuit Court, State of Oregon.  Plaintiff alleged claims for retaliation in violation of Title VII, 42, U.S.C. § 2000e-3; retaliation in violation of Oregon Revised Statutes § 659A.030(1)(f) and § 654.062(5); and whistleblowing pursuant to Oregon Revised Statutes § 659A.199.

On November 11, 2016, Defendants Blue Elephant Holdings, Inc., and Donald Morse removed Plaintiff's case to this court.

On August 7, 2017, Defendants filed a Motion (#31) for Summary Judgment.

On November 13, 2017, the Court issued an Opinion and Order (#56) in which it granted Defendants' Motion as to Plaintiff's claims against Morse and dismissed those claims.  The Court, however, denied Defendants' Motion as to Plaintiff's claims against Blue Elephant.

On November 27, 2017, counsel filed a Motion (#57) to Withdraw as attorneys for Defendants.

On December 13, 2017, following notice to Blue Elephant and providing it with an opportunity to obtain new counsel, the Court granted counsel's Motion to Withdraw.  Order #63.

On December 21, 2017, Plaintiff filed a Motion (#64) to Strike Blue Elephant's Answer and for Entry of Default against Blue Elephant.

On January 18, 2018, the Court granted Plaintiff's Motion, struck Blue Elephant's Answer, and entered default against Blue Elephant.  Order #66.

On January 31, 2018, Defendant filed a Motion (#69) for Entry of Judgment.

On March 22, 2018, the Court held an evidentiary hearing regarding Plaintiff's damages at which Plaintiff and an expert testified.

On March 27, 2018, the Court entered Judgment (#84) against Blue Elephant and awarded Plaintiff $20,160.00 in economic damages and $150,000.00 in noneconomic damages.

On April 10, 2018, Plaintiff filed a Motion (#91) for Attorney Fees and a Bill of Costs (#88).  Plaintiff seeks attorneys' fees and fees for legal assistants and paralegals in the amount of $202,926.00 and costs in the amount of $16,980.00.


## DISCUSSION

As noted, in her Complaint Plaintiff alleged claims for retaliation in violation of Title VII, 42, U.S.C. § 2000e-3; retaliation in violation of Oregon Revised Statutes § 659A.030(1)(f) and § 654.062(5); and whistleblowing pursuant to

3 - OPINION AND ORDER

Oregon Revised Statutes § 659A.199.

## I.   Attorneys' Fees, Legal Assistant Fees, and Paralegal Fees.

Plaintiff obtained a Judgment against Blue Elephant on March 27, 2018.  Plaintiff now seeks attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k) as to her federal claims and pursuant to Oregon Revised Statutes § 659A.885(1) and (2) as to her state-law claims.

Plaintiff states the total fee amount of $229,215.00 was reviewed to eliminate "excessive, redundant or other unnecessary time."  This resulted in a reduction of $26,289.00 or 11.5% of the initial computation of fees.  Plaintiff, therefore, seeks recovery of $202,926.00 in fees for attorneys, legal assistants, and paralegals.

Even though Defendant has not objected to Plaintiff's requests, the Court has an independent duty to review a motion for attorneys' fees for reasonableness.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  *See also Cruz v. Alhambra Sch. Dist.*, 282 F. App'x 578, 580 (9th Cir. 2008)(The district court has an "obligation to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.").

### A.   Standards

The Supreme Court has stated under federal fee-shifting

statutes that "the lodestar approach" is "the guiding light" when
determining reasonable fees. *Perdue v. Kenny A.*, 559 U.S. 542,
551 (2010). Under the lodestar method the court first determines
the appropriate hourly rate for the work performed and then
multiplies that amount by the number of hours properly expended
in doing the work. *Id.* Although "in extraordinary
circumstances" the amount produced by the lodestar calculation
may be increased, "there is a strong presumption that the
lodestar is sufficient." *Id.* at 556. The party seeking an award
of fees bears "the burden of documenting the appropriate hours
expended in the litigation, and [is] required to submit evidence
in support of those hours worked." *United Steelworkers of Am. v.
Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d
555, 565 (9th Cir. 2008)(quotations omitted). When "determining
the appropriate number of hours to be included in a lodestar
calculation, the district court should exclude hours 'that are
excessive, redundant, or otherwise unnecessary.'" *McCown v. City
of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley
v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount the court may consider
the following factors:

> (1) the time and labor required; (2) the novelty
> and difficulty of the questions involved; (3) the
> skill requisite to perform the legal service
> properly; (4) the preclusion of other employment
> by the attorney due to acceptance of the case;
> (5) the customary fee; (6) whether the fee is

> fixed or contingent; (7) any time limitations
> imposed by the client or the circumstances;(8) the
> amount involved and the results obtained; (9) the
> experience, reputation, and ability of the
> attorneys; (10) the undesirability of the case;
> (11) the nature and length of the professional
> relationship with the client; and (12) awards in
> similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997,
1007 n.7 (9th Cir. 2002)(quotation omitted). A rote recitation
of the relevant factors is unnecessary as long as the court
adequately explains the basis for the award of attorneys' fees.
*McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th
Cir. 1995).

The lodestar amount is presumed to be the reasonable
fee, and, therefore, "'a multiplier may be used to adjust the
lodestar amount upward or downward only in rare and exceptional
cases, supported by both specific evidence on the record and
detailed findings by the lower courts.'" *Summers v. Carvist
Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen
v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)).
"Adjustments [to the lodestar amount] must be carefully tailored
. . . and [made] only to the extent a factor has not been
subsumed within the lodestar calculation." *Rouse v. Law Offices
of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho
v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

**B.    Time Expended**

Plaintiff seeks to recover fees for the time that the

following professionals spent handling Plaintiff's claims against Defendant: attorneys Craig Crispin, Shelley Russell, Ashley Marton, and Paul Judd; legal assistant Jackie Burnett; and paralegal David Zambrano. The hourly billing records for the services of the attorneys, legal assistant, and paralegal were submitted with the Declarations of Craig Crispin (#90) and Ashley Marton (#89). Those records reflect a total of 730.70 hours (536.20 hours by the attorneys, 155 hours by the legal assistant, and 39.5 hours by the paralegal) spent in the handling of this case. The total hours, however, correlate to the total fees of $229,215.00 rather than the reduced fees actually sought by Plaintiff.

As noted, Plaintiff reduced the total fees to account for "excessive, redundant or other unnecessary time." A review of the records indicates Plaintiff made a reduction of 133.3 hours (91.5 hours for attorneys, 22.4 hours for the legal assistant, and 19.4 hours for the paralegal). This resulted in a total of 597.4 hours (444.7 hours by the attorneys, 132.6 hours by the legal assistant, and 20.1 hours by the paralegal), which corresponds to the $202,926.00 in fees actually sought by Plaintiff.

The records Plaintiff submitted in support of her request indicate the attorneys, legal assistant, and paralegal investigated and negotiated Plaintiff's claims before filing the

Complaint; represented Plaintiff before the Bureau of Labor & Industries (BOLI); filed the Complaint in state court; handled and responded to extensive discovery requests, including Plaintiff's Motion to Compel; prepared pleadings related to motion practice, including the response to Defendants' Motion for Summary Judgment and Plaintiff's own Motion for Partial Summary Judgment; performed legal research; prepared discovery motions; corresponded and met with Plaintiff; retained and prepared expert witnesses; drafted pleadings for entry of default and judgment; appeared in court for hearings; and drafted Plaintiff's Motion for Attorney Fees and Bill of Costs.

On this record the Court concludes the time spent by the attorneys and the paralegal on this matter was reasonable. The Court, however, concludes Plaintiff is not entitled to recover fees for the time the legal assistant spent on this matter as explained below.

### C.  Requested Hourly Rates for Attorneys

To determine the reasonable hourly rate of an attorney, this Court uses the most recent Oregon State Bar Economic Survey published in 2017 as its initial benchmark.  Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

#### 1.  Attorney Crispin

Plaintiff requests an hourly rate of $525 for the

time of attorney Crispin.  Crispin states in his Declaration that
he has over 36 years of experience as an employment litigation
lawyer.  He is the managing shareholder and president of Crispin
Employment Law PC and regularly represents clients in state and
federal courts.  He was admitted to the Washington State Bar in
1981 and the Oregon State Bar in 1982.

The Oregon State Bar Economic Survey rates for an
attorney with comparable years of practice in Portland is between
$413 and $610 per hour.  Thus, the hourly rate of $525 sought by
Crispin is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate
of $525 for attorney Crispin is reasonable.  The Court,
therefore, awards attorneys' fees for Crispin of $123,480.00
(235.2 hrs. x $525/hr.).

### 2.    Attorney Russell

Plaintiff requests an hourly rate of $425 for the
time of attorney Russell (who has since been appointed to the
Multnomah County Circuit Court as a general-jurisdiction trial
judge).  Russell states in her Declaration that she has over 23
years of experience as an employment lawyer.  She was a
shareholder of Crispin Employment Law PC until her appointment to
the state court.  As a lawyer Russell regularly represented
clients in state and federal courts.  She was admitted to the
Oregon State Bar in 1994.

The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland is between $394 and $525 per hour.  Thus, the $425 hourly rate sought by Russell is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $425 for Russell's work as one of Plaintiff's attorneys is reasonable.  The Court, therefore, awards attorneys' fees for Russell of $1,360.00 (3.2 hrs. x $425/hr.).

**3.    Attorney Marton**

Plaintiff requests an hourly rate of $275 for the time of attorney Marton.  Marton states in her Declaration that she is currently an associate attorney at Crispin Employment Law PC and has seven years of experience as a lawyer representing employment and personal injury clients.  Marton was originally admitted to practice in Arizona in 2012 and was admitted to the Oregon State Bar in 2017.

The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice in Portland is between $282 and $400 per hour.  Thus, the $275 hourly rate sought by Marton does not exceed the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $275 for attorney Marton is reasonable.  The Court, therefore,

awards attorneys' fees for Marton of $39,627.50 (144.1 hrs. x
$275/hr.).

### 4. Attorney Judd

Plaintiff requests an hourly rate of $200 for
attorney Judd's time.  Although Judd did not submit a
declaration, Crispin states in his Declaration that Judd was an
associate attorney with the firm for approximately 18 months,
graduated from Emory Law School, and is admitted to the Oregon
State Bar.  Crispin, however, does not state when Judd was
admitted to the Oregon Bar or the number of years that he has
practiced.  Based on Crispin's statement that Judd was an
associate for 18 months, it is reasonable to conclude Judd has
approximately two years of experience.

The Oregon State Bar Economic Survey rates for an
attorney with comparable years of practice in Portland is between
$236 and $305 per hour.  Thus, the $200 hourly rate sought by
Judd does not exceed the compensation range of the Economic
Survey.

On this record the Court concludes the hourly rate
of $200 for attorney Judd is reasonable.  The Court, therefore,
awards attorneys' fees for Judd of $12,440.00 (62.2 hrs. x
$200/hr.).

### D. Requested Hourly Rate for Paralegal and Legal Assistant

The Court relies on the National Utilization and

Compensation Survey Report published by The Association of Legal

Assistants•Paralegals (NALA) in 2016 to determine the reasonable

hourly billable rate for paralegals.

### 1.   Paralegal Burnett

Plaintiff requests an hourly rate of $185 for

paralegal Burnett's time.  Attorney Crispin states in his

Declaration that Burnett has an Associate of Applied Science

Degree in Paralegal Studies from Portland Community College; has

been employed by the firm for over 11 years; and assists the firm

with witness management and interviews, performs document and

discovery management, prepares routine legal documents, performs

legal research, and assists with trial preparation.

The NALA Survey Report indicates the average hourly

billing rate in 2016 was $146 for paralegals in the Far West

Region (which includes Oregon).  Specifically, the average hourly

billing rate was $134 for paralegals with comparable years of

experience (11-15 years).  Plaintiff has not submitted any

support for the hourly rate sought for Burnett other than

Crispin's  opinion that the rate "is well within the range of

rates charged for paralegals performing similar work in the

Portland metropolitan area."

This matter involved an employment issue with extensive

discovery and motion practice.  Burnett worked over 20% of the

total hours spent by the firm in representing Plaintiff.

On this record the Court concludes an hourly rate of $134 per hour for paralegal time is reasonable. The Court, therefore, awards paralegal fees for Burnett of $17,768.40 (132.6 hrs. x $134/hr.).

**2.  Legal Assistant Zambrano**

Plaintiff requests an hourly rate of $75 for the time that legal assistant Zambrano worked on this case. Attorney Crispin states in his Declaration that Zambrano primarily performs clerical duties, but Zambrano records his time when the work he performs exceeds clerical work that includes a substantive component or requires skill and discretion beyond clerical work. The billing records show a total of 39.5 hours worked by Zambrano. Plaintiff, however, reduced the number of hours for which she seeks recovery for Zambrano's work to 20.1 hours. A review of the records for these hours reflects Zambrano reviewed client journals, reviewed and indexed production documents, and performed other duties, but there is not, however, any evidence in this record regarding Zambrano's education or years of experience.

The Court has not found any report that reflects hourly billing for legal assistants (as opposed to paralegals), and Crispin states only that the hourly rate sought is "based on [his] review of rates for comparable legal assistants in the Portland community."

On this record the Court concludes Plaintiff has not supported the hourly rate requested for work performed by Zambrano, and the Court, therefore, does not award any fees for his work.

In summary, the Court **AWARDS** attorneys' fees in the amount of **$176,907.50** and paralegal fees in the amount of **$17,768.40** for a total of $194,675.90 as follows:

| Name | Hourly Fee | Hours | Fee Awarded |
|---|---|---|---|
| Craig Crispin, Attorney | $525.00 | 235.2 | $123,480.00 |
| Shelley Russell, Attorney | $425.00 | 3.2 | $ 1,360.00 |
| Ashley Marton, Attorney | $275.00 | 144.1 | $ 39,627.50 |
| Paul Judd, Attorney | $200.00 | 62.2 | $ 12,440.00 |
| **Total Attorneys' Fees** | | | **$176,907.50** |
| Jackie Burnett, Paralegal | $134.00 | 132.6 | $ 17,768.40 |
| **TOTAL FEES** | | | **$194,675.90** |

## PLAINTIFF'S COSTS

Plaintiff requests an award of costs in the amount of $16,980.00 comprised of the following: (1) filing fee - $252.00; (2) deposition transcripts - $4,061.40; (3) witness fees - $231.00; (4) service of process - $480.00; (5) records expense (medical records and BOLI records) - $225.88; (6) expert witness

fees - $10,846.93; and (7) other expenses (mileage, parking,

postage, photocopies, "skip trace") - $758.93.

Absent a showing of circumstances not relevant here, an

award of costs is governed by federal law.  *See Champion Produce,*

*Inc. v. Ruby Robinson Co., Inc*., 342 F.3d 1016, 1022 (9th Cir.

2003).

28 U.S.C. § 1920 allows a federal court to tax specific

items as costs against a losing party pursuant to Federal Rule of

Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States
> may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part
> of the stenographic transcript necessarily
> obtained for use in the case;
> (3)Fees and disbursements for printing and
> witnesses;
> (4)Fees for exemplification and copies of papers
> necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts,
> compensation of interpreters, and salaries, fees,
> expenses, and costs of special interpretation
> services under § 1828 of this title.
> A bill of costs shall be filed in the case and,
> upon allowance, included in the judgment or
> decree.

Costs generally are awarded to the prevailing party in a

civil action as a matter of course unless the court directs

otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award

of costs to those defined in 28 U.S.C. § 1920 unless otherwise

provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.,*

606 F.3d 577, 579-80 (9th Cir. 2010).  Expert witness fees, although not included in § 1920, are recoverable pursuant to 42 U.S.C. § 2000e-5(k).

Here Plaintiff seeks recovery of costs for items not allowed under § 1920, and the authorities cited by Plaintiff do not support recovery for the costs of those items.  For example, Plaintiff cites to *Missouri v. Jenkins*, 491 U.S. 274, 285-89 (1989), which addresses the recovery of paralegal time, and *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006), which addresses recovery of the costs of computerized research in an ERISA action.

Accordingly, the Court awards Plaintiff the costs that are enumerated in § 1920 totaling **$16,097.21.**

### CONCLUSION

For these reasons, the Court **GRANTS in part** Plaintiff's Motion for Attorney Fees and **AWARDS** Plaintiff attorneys' fees of **$176,907.50** and paralegal fees of **$17,768.40.**  The Court also

**GRANTS in part** Plaintiff's Motion for Costs, Expenses, and Expert

Witness Costs and **AWARDS** Plaintiff costs of **$16,097.21**.

IT IS SO ORDERED.

DATED this 24th day of May, 2018.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge